**Frank D. POWERS, Petitioner,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, DEPARTMENT of TREASURY, Respondent.**

**No. 79–0990.**

United States District Court,
N. D. Florida,
Tallahassee Division.

Nov. 24, 1980.

Philip S. Parsons, Tallahassee, Fla., for petitioner.

J. Worth Owen, Lyndia P. Kent, Asst. U. S. Attys., Tallahassee, Fla., Michael P. Martin, Bureau of Alcohol, Atlanta, Ga., for respondent.

## MEMORANDUM OPINION

HIGBY, District Judge.

Frank Powers is a licensed firearms dealer in Perry, Florida. When he sought in 1978 to renew his firearms dealer license, the Bureau of Alcohol, Tobacco, and Firearms rejected his license application. Powers unsuccessfully pursued all administrative remedies and then brought this lawsuit. Before addressing the merits of his claim, I must determine my scope of review.

■ The Government claims I am limited to the traditional standard for review of administrative actions–determining if there is substantial evidence to support the administrative decision. Powers argues this is a new proceeding, not an appeal. Title 18, United States Code, Section 923(f)(3), allows a firearms dealer denied a license to "file a petition with the United States district court for the district in which he re-sides or has his principal place of business for a judicial review of such denial . . . ." One of my predecessors decided the statute only called for the district court to determine if "there is present substantial evidence in support of the administrative action and proper legal standards have been applied . . . ." *McLemore v. United States Treasury Department,* 317 F.Supp. 1077, 1078 (N.D.Fla.1970). Other courts have held the statute calls for a *de novo* review of the license denial. *Lewin v. Blumenthal,* 590 F.2d 268 (8th Cir. 1979); *Shyda v. Director, Bureau of Alcohol, Tobacco and Firearms,* 448 F.Supp. 409 (M.D.Pa.1977); *Rich v. United States,* 383 F.Supp. 797 (S.D. Ohio 1974). I find the reasoning of the courts finding *de novo* review more persuasive. In addition to the legislative history outlined in *Rich v. United States, supra,* the statute's provision that "the court may consider any evidence submitted by the parties" indicates an independent review of the evidence and determination of facts are required. The administrative officer's decision, based as it is upon his expertise in the area, may be and will be given serious consideration.

One requirement of eligibility for a firearms dealer license is that "the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder." 18 U.S.C. § 923(d)(1)(C); 27 C.F.R. § 178.47(b)(3). This is the requirement the Bureau found Powers failed to meet, and that finding is why it refused to issue him a license.

■ The administrative law judge found Powers guilty of a number of statutory and regulatory violations. I agree with the administrative judge and find Powers committed the following violations:

1. During the period from April 7, 1976, through August 28, 1976, Powers made four separate sales of ammunition other than shotgun or rifle ammunition to a person he knew or had reason to believe was less than 21 years of age. Those sales violated Title 18, United States Code, Section 922(b)(1) and Title 27, Code of Federal Regulations, Section 178.99(b).

2. During the period from December 10, 1973, to August 31, 1976, Powers failed to keep the records required by Title 18, United States Code, Section 923(g) and Title 27, Code of Federal Regulations, Sections 178.-124 and 178.125. Specifically, he failed to record the complete addresses of ammunition purchasers and to record in all sales to other licensees either the purchasers' federal firearms license numbers or addresses. He incorrectly recorded a handgun's serial number and failed to account for approximately 300 firearms. He also did not in all cases obtain and record the purchaser's complete address, the purchaser's signature, the purchaser's certification that she is not prohibited from receiving a firearm, and proper identification from the purchaser.

3. February 8, 1977, Powers sold a pistol to a person he knew or had reasonable cause to believe was less than 21 years of age. This sale violated Title 18, United States Code, Section 922(b)(1) and Title 27, Code of Federal Regulations, Section 178.-99.

4. November 12, 1976, Powers sold a firearm to a person he knew or had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year. This sale violated Title 18, United States Code, Section 922(d)(1) and Title 27, Code of Federal Regulations, Section 178.99.

5. From August 31, 1976, through June 14, 1978, Powers failed to maintain his records properly. Two firearms' dispositions were not recorded, although the weapons were not in his stock. Of 522 rifles acquired in the period Powers did not record the address or federal firearms number of the person from whom he received 519 of the firearms. Powers did not record from whom he received 16 of the rifles. He did not record the date of acquisition for eight of the rifles. Two rifles' serial numbers were not recorded. The types of actions for approximately 70 rifles were not recorded. Approximately 50 rifles' models were not recorded. Powers disposed of at least 40 rifles without recording the transferees' complete addresses.

Powers failed to record the federal firearms license number or address for the persons he received all 440 shotguns he acquired in this period. His records did not show from whom he acquired 10 shotguns, did not show the date of acquisition for eight of the shotguns, did not show two of the shotguns' serial numbers, did not show the type of action or model for at least 40 of the shotguns, did not show the complete addresses of the transferees for 10 of the shotguns, and did not show the date of disposition for five of the shotguns.

Of the 1,323 handguns Powers received during this period he recorded the required federal firearms license number or complete address of the transferor for only five of them. He did not record from whom he acquired 17 of the handguns and did not record the date of acquisition of 28 of the handguns. Powers did not record the serial number of one handgun, the model number of 69 handguns, the addresses of 32 transferees, the names of three transferees were not recorded, and the dates of 31 dispositions were not recorded.

During this same period Powers acquired 38 Title 2 firearms. He did not record the required address or federal firearms license number or name of the person or persons from whom he received 37 of the weapons. He did not record the acquisition date for ten of the weapons. Of 38 Title 2 weapons Powers disposed of during this period he did not record the date of disposition of ten of the weapons and did not record the required address or federal firearms license number of the recipients of three of the weapons.

All these record-keeping deficiencies by Powers violated Title 18, United States Code, Section 922(m) and Title 27, Code of Federal Regulations, Section 178.125.

6. July 27, 1977, Powers falsely recorded selling four firearms to Widener Arms of Augusta, Georgia.

7. October 14, 1977, Powers falsely recorded selling one firearm to Widener Arms of Augusta, Georgia.

8. March 10, 1977, Powers falsely recorded selling a firearm to Sportsman of Gainesville, Georgia.

9. From August 31, 1976, through June 14, 1978, Powers did not properly maintain Firearms Transaction Records, Form 4473, as required by Title 27, Code of Federal Regulations, Section 178.124. This failure to maintain records violated Title 18, United States Code, Section 922(m).

10. From December 1, 1973, through January 14, 1978, Powers did not keep ammunition acquisition and disposition records as required by Title 27, Code of Federal Regulations, Section 178.125. This record-keeping deficiency violated Title 18, United States Code, Section 922(m).

11. From December 1, 1973, through January 14, 1978, Powers dealt in firearms and ammunition at some gun shows. These shows, and hence his dealings, were at locations other than the one where he was licensed to deal in firearms. He violated Title 18, United States Code, Section 922(a)(1) and Title 27, Code of Federal Regulations, Section 178.50.

Powers has denied committing very few of these allegations. Primarily, he argues that the violations are not severe enough to warrant denying his license or else that they are excusable. His arguments are not convincing. His evidence purporting to negate certain violations, including fraudulent records of sales to Widener Arms and Sportsman, is not convincing. Powers' violations were not excusable. They were blatant and repeated. There is one exception. Adjudication had been withheld on the convicted felon Powers sold a pistol to on November 12, 1976. That violation was understandable. His many others were not.

■ Powers is correct when he argues that the Government must prove not only that he violated the statutes and regulations, but that he willfully violated them. To prove a willful violation the Government "must prove that Petitioner knew of his legal obligation and purposefully disregarded or was plainly indifferent to the record-keeping requirements." *Shyda v. Director, Bureau of Alcohol, Tobacco and Firearms,* 448 F.Supp. 409, 415 (M.D.Pa.1977); *Lewin v. Blumenthal,* 590 F.2d 268 (8th Cir. 1979). The Government has proven willful violations.

Bureau representatives inspected Powers August 31, 1976. They pointed out his many violations, gave him a copy of the regulations, thoroughly explained his obligations, and gave him a pamphlet explaining his obligations. As of that date Powers knew his obligations. His blatant failure to maintain his records after August 31 could, at best, only be due to plain indifference to his obligations. Powers' sale on February 8, 1977, less than six months after the 1976 inspection, of a pistol to a minor graphically illustrates his indifference to his obligations. If there were any doubt about the willfulness of Powers' violations, his fraudulent report of sales to Widener Arms and Sportsman would do away with it.

The Bureau has convincingly proven repeated, willful violations by Powers of the statutes and regulations governing firearms dealers. Its decision to deny Powers a firearms license was well considered and correct. Powers' petition is denied. The Clerk shall enter a judgment for the Bureau and tax all lawful costs against Powers.