652 F.2d 28
 Antonio CUCCHIARA, doing business as The Traders, Plaintiff-Appellant,
v.
SECRETARY OF the TREASURY, Department of the Treasury,
Bureau of Alcohol, Tobacco and Firearms,
Department of the Treasury, Defendants-Appellees.
 No. 79-4786.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 10, 1981.
Decided July 30, 1981.
 
 Philip Cohen, Camarillo, Cal., for plaintiff-appellant.
 John M. Kern, Asst. U. S. Atty., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before MERRILL, HUG and SKOPIL, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 The district court, pursuant to 18 U.S.C. § 923(f)(3), granted the Bureau of Alcohol, Tobacco and Firearms's motion for summary judgment, affirming the Bureau's refusal to renew Cucchiara's license to sell firearms, under 18 U.S.C. § 923(d)(1)(C), for willful failure to comply with Bureau regulations. Because there exist no unresolved issues of material fact, we affirm.
 
 
 2
 The facts, as synthesized by the district court from the administrative record, are as follows:
 
 
 3
 The record shows that plaintiff received "irregularities statements" in 1970 and 1972 reflecting, in the aggregate, hundreds of violations of legal requirements, including repeated failure to record the acquisition and disposition of firearms and scores of sales of firearms to ineligible purchasers. The record further shows that plaintiff was notified in 1973 that any future violations might be considered willful. Finally, the record shows that a recent investigation of plaintiff's records revealed additional sales to ineligible purchasers, unreported multiple handgun sales, repeated failure to record the acquisition and disposition of firearms and a loss without reasonable explanation of 200 firearms.
 
 
 4
 In the district court, Cucchiara admitted that he did "not take issue with much of the basic factual background presented" in the Bureau's motion for summary judgment. The district court commented that "plaintiff concedes the essential accuracy of the administrative record" in granting summary judgment to the Bureau "on the basis of the uncontroverted evidence." The district court did not schedule a hearing to receive additional evidence, but did permit Cucchiara to introduce a deposition and several declarations intended to demonstrate that his conduct was not willful.
 
 
 5
 In failing to dispute the factual accuracy of the administrative record, however, Cucchiara implicitly admits to hundreds of violations of the Bureau's legal requirements, after multiple warnings. Although Cucchiara sought to augment the record in the district court on the question of willfulness, the district court correctly characterized the additional information as showing only
 
 
 6
 that he is one of the highest volume retail firearms dealers in this District and that he has made costly, good faith efforts to comply with all his obligations as a licensee ... (and) that his noncompliance was excusable, either because it was inevitable, due to the size and nature of his operation, or merely inadvertent.
 
 
 7
 Under the willfulness standard announced in Perri v. Department of Treasury, 637 F.2d 1332, (9th Cir. 1981), this additional information creates no dispute over a genuine issue of material fact. Perri held that willfulness is established "when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them." Id. at 1336. The fact that Cucchiara has spent a great deal of money trying to correct his faulty recordkeeping system, after the violations, for example, is immaterial to the question of willfulness at the time the violations occurred. Cucchiara clearly understood the requirements of the law, as evidenced by the "irregularities statements" and the Bureau's 1973 warning that future violations might be considered willful. Yet, with this knowledge, he failed to abide by these requirements. In great degree, Cucchiara's argument on appeal depends on the legal definition of willfulness espoused in Rich v. United States, 383 F.Supp. 797, 800-01 (S.D. Ohio 1974) (conduct is willful only if it is purposeful and intentional), a definition rejected in this circuit by the Perri decision.
 
 
 8
 Appellant also claims that the district court denied him an opportunity to be heard and to present additional evidence on the question of willfulness because, although the court permitted the introduction of a deposition and several declarations on this issue, it did not schedule a de novo hearing during its review of the Bureau decision. Under additional standards set out in Perri, however, it is clear that the district court did not abuse its discretion in ruling without an evidentiary hearing. See Perri v. Department of Treasury, 637 F.2d at 1335 (9th Cir. 1981), quoting Stein's Inc. v. Blumenthal, 649 F.2d 463, 466 (7th Cir. 1980) ("Consideration of judicial economy suggests that trial anew of factual matters already litigated should be avoided unless substantial doubt infects the agency's findings of fact."). As in this case, the district court in Perri had received additional evidence into the record, but ruled without an evidentiary hearing. In a procedure that, for formality's sake, might well have been followed in this case, the district court in Perri inquired forthrightly "whether the case was submitted for all purposes: 'both the consideration of the summary judgment; and then, if those are denied, consideration of the court's findings in the matter'." Perri v. Department of Treasury, 637 F.2d at 1335 (9th Cir. 1981).[1]
 
 
 9
 Finally, Cucchiara disputes the factual finding of the district court that his records revealed "a loss without reasonable explanation of 200 firearms," a finding not made by the Bureau. Even if error is assumed, however, the question cannot be considered material, in view of the other violations of Bureau regulations that Cucchiara has admitted. Thus, under the summary judgment standard, Cucchiara has failed to establish that a genuine issue of material fact remains unresolved.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Nevertheless, we agree with the court in Stein's Inc. v. Blumenthal, 649 F.2d at 468 n.10 (7th Cir. 1980):
 It is true that procedurally this case was decided on a motion for summary judgment where technically fact finding is inappropriate and all reasonable inferences must be drawn in favor of the party opposing the motion. Nevertheless, because the procedure for review pursuant to 18 U.S.C. § 923(f) (3) permits the district court to enter judgment on the basis of the administrative record when no substantial reason to receive additional evidence is present, the practice of the courts has been to grant judgment summarily when the "material facts developed at the administrative hearing, which the court also concludes justify non-renewal" are not substantially drawn into question by the party petitioning for review.