T.T. SALVAGE AUCTION CO. INC., d/b/a Boulevard Pawn Shop, Plaintiff,

v.

SECRETARY, the UNITED STATES DEPARTMENT OF the TREASURY, Defendant.

No. 93–777–CIV–5–BR.

United States District Court, E.D. North Carolina, Raleigh Division.

Aug. 4, 1994.

Tommy W. Jarrett, Dees, Smith, Powell, Jarrett Dees & Jones, Goldsboro, NC, for plaintiff.

Charles E. Hamilton, III, Asst. U.S. Atty., Raleigh, NC, for defendant.

## ORDER

BRITT, District Judge.

This matter is before the court on defendant's motion for summary judgment and plaintiff's motions to require inspection and for production of the administrative record. Plaintiff has responded to the motion for summary judgment. Defendant did not file a reply and the time in which to do so has passed. Defendant did not respond to plaintiff's motion and the time in which to do so has also passed. Both motions are now ripe for decision.

## I. FACTS

Plaintiff operates a firearms dealership in Goldsboro, North Carolina. The Gun Control Act (the Act), 18 U.S.C. § 923(a), and attendant regulations require one who deals in firearms to be licensed by the Treasury Department's Bureau of Alcohol, Tobacco and Firearms (ATF). The Act further provides that if a licensee willfully violates any provision of the Act, the license may be revoked following written notice stating the grounds for revocation and opportunity for a hearing. 18 U.S.C. §§ 923(e), 923(f)(2). Following the hearing, the licensee has sixty (60) days after receipt of the notice of decision to petition the United States District Court for a *de novo* review of the revocation. 18 U.S.C. § 923(f)(3). At this review, "the court may consider any evidence submitted by the parties ... whether or not such evidence was considered at the [administrative hearing]." *Id.*

Plaintiff has a long history of noncompliance with the various statutes and regulations that govern the operation of its firearms dealership. Since 1987, plaintiff has been inspected three times. The first inspection was 1 November 1987. At that time the ATF inspector found that plaintiff repeatedly failed to keep an accurate record of receipts and dispositions of firearms and failed to obtain correct and complete executed Firearms Sales Transaction Forms. The second inspection took place on 6 September 1990. Again, the inspector found numerous failures to record both the sale and purchase of firearms and to prepare and maintain the proper forms.

Prior to the third inspection of plaintiff's operation, ATF Group Supervisor Allen Jones held an admonitory conference with plaintiff's principal officer and owner, Bill Massengill. Mr. Massengill promised to bring all records into compliance and to maintain accurate documentation of all future transactions. ATF agreed to give plaintiff a chance to comply; however, Jones warned that failure to achieve and maintain compliance would jeopardize plaintiff's license.

ATF conducted the third inspection of plaintiff on 11 June 1992. Five violations were noted and all of them were similar to

those found during the first two inspections and dealt with the regulations explained to Mr. Massengill at his conference with Supervisor Jones. ATF then determined that it was time to take adverse action. After proper notice, a hearing was held on 28 July 1993. Plaintiff was present and was represented by counsel. ATF Group Supervisor Jones, as well as the inspecting ATF agents, testified at the hearing. Based on the testimony, the Hearing Officer prepared a report for ATF's Regional Compliance Director recommending revocation of plaintiff's license. The Hearing Officer concluded that each violation charged against plaintiff had, in fact, occurred and had been willfully committed. The report recommended revocation of plaintiff's license.

On 13 March 1993 ATF mailed a revocation notice to plaintiff. On 22 November 1993 a final adverse notice was issued against plaintiff's license. The notice was served on plaintiff and plaintiff was advised it had sixty (60) days in which to petition this court for a *de novo* review of the adverse action. Plaintiff timely filed its petition and has continued to operate pending judicial resolution of this matter.

## II. DISCUSSION

■ Summary judgment is proper on *de novo* review where there is no substantial reason to receive further evidence and the facts were fully developed at the administrative hearing. *See Cucchiara v. Secretary of the Treasury*, 652 F.2d 28 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1448, 71 L.Ed.2d 662 (1982). Pursuant to 18 U.S.C. § 923(e), on a *de novo* review "the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [revocation] hearing." *Id.* There has only been one case interpreting this language since the amendment of the statute in 1986. In *Al's Loan Office v. United States Department of the Treasury*, 738 F.Supp. 221 (E.D.Mich.1990), the court stated that when it is clear that there are no genuine issues of material fact, the granting of summary judgment is proper without conducting an evidentiary hearing. *Id.* at 223.

■ In the case at bar, plaintiff seeks to take advantage of the opportunity to present evidence to the court that was not presented at the administrative hearing. Plaintiff seeks to offer additional evidence of its actions since the warning conference and last inspection in an effort to prove that it is now in compliance with the regulations. Although the statute allows additional evidence to be presented to the court, the timing of this evidence is irrelevant under the statute because the statute focuses on the willfulness of the violations and the compliance of the firearms dealer before the license was revoked. Further, if the court were to consider such evidence, it would be rare that the ATF would ever be able to successfully revoke a license, as all the licensee would have to do is bring its dealership into compliance between the time of the revocation hearing and the *de novo* review.

■ As in all cases, summary judgment may only be granted where there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In the case at bar, there is no genuine issue as to any material fact. The evidence of plaintiff's numerous violations is clear and undisputed. The only issue raised by plaintiff is that of willfulness. Title 18 U.S.C. § 923(e) requires proof of a willful violation of the Act before a license can be revoked. A long line of cases explains that a violation is willful if it can be established that the licensee understood the requirements of the law but knowingly failed to follow them or if the licensee was indifferent to these requirements. *See Perri v. Department of Treasury*, 637 F.2d 1332 (9th Cir. 1981); *Cucchiara v. Secretary of the Treasury*, 652 F.2d 28 (9th Cir.1981); *Al's Loan Office v. United States Department of the Treasury*, 738 F.Supp. 221 (E.D.Mich.1990).

■ Plaintiff was inspected three times between 1987 and 1992. Many of the violations which were cited after the first inspection were found again during the second and third. After each inspection, plaintiff was given a Violation Notice that specified the

violations, the corrective actions and the dates for completion of the corrections. As well, Mr. Massengill attended a special meeting with ATF Supervisor Jones following the second inspection and at that time he was specifically warned regarding the violations.

Mr. Massengill has also made several statements admitting that he knew what the regulations required for the operation of a firearm distributor. He stated that he had a copy of the applicable regulations in his store. He further admitted that after each inspection he was told exactly what the violations were and was told how to correct them. Mr. Massengill also stated that he was told and understood from the conference with agent Jones that future violations of the same nature would result in revocation of his license. It is clear from the record that ATF gave plaintiff every chance to bring its operation into compliance with the Act and that plaintiff simply did not do so.

Defendant is entitled to judgment as a matter of law. The Act specifically provides for the revocation of a firearms license if the licensee has willfully violated any provision, rule or regulation under the Act. 18 U.S.C. § 923(e). The record is clear that plaintiff's violations were willful.

### III. CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is GRANTED. Plaintiff's motions to require inspection and to produce the administrative record are DENIED. This action is DISMISSED.