103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AL'S JEWELRY & LOAN, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, DEPARTMENT OF TREASURY, BUREAU OF
ALCOHOL, TOBACCO AND FIREARMS, Defendant-Appellee.
 No. 95-1765.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: NELSON, MOORE and COLE, Circuit Judges.
 COLE, Circuit Judge.
 
 
 1
 Al's Jewelry & Loan, Inc. appeals the district court's grant of summary judgment in favor of appellee, the United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms ("ATF"), affirming the denial of its application for a federal firearms license. For the reasons that follow, we AFFIRM the decision of the district court.
 
 I.
 
 2
 Al's Jewelry & Loan, Inc., formerly known as Al's Loan Office, Inc. ("Appellant"), was licensed by ATF to engage in business as a firearms dealer. Federal law and regulations mandate that licensees comply with certain record-keeping requirements.[1] Between 1976 and 1988, Appellant repeatedly violated these requirements by (i) failing to maintain appropriate records of firearms acquisitions and dispositions; (ii) failing to ensure that the required ATF forms were completed when firearms were sold; and (iii) making numerous sales of firearms to individuals prohibited by law from owning them.
 
 
 3
 In 1982, ATF sent Appellant an admonitory letter warning of the possible loss of its license if it failed to comply with all applicable laws and regulations.[2] Despite this warning and repeated instructions on proper record-keeping methods, inspections in 1983, 1985, 1987 and 1988 revealed that Appellant continually violated federal firearms laws and regulations. Finally, on March 31, 1989, ATF gave written notice to Appellant that its license would be revoked.
 
 
 4
 After Appellant requested and received a hearing, an ATF hearing officer recommended revocation of its license. An ATF inspector recommended approval, as did the inspector's supervisor, but this recommendation was rejected by ATF's regional director. With the concurrence of the regional director, ATF revoked Appellant's license, effective September 18, 1989. Appellant subsequently filed a petition for de novo review of that decision in the United States District Court for the Eastern District of Michigan. The district court affirmed the revocation, holding: "There is no question of fact that petitioner's failure to correct its record keeping was willful and plainly indifferent to the record keeping requirements."[3]
 
 
 5
 On March 31, 1993, Appellant, under the name of "Al's Jewelry and Loan, Inc.," applied to ATF for another federal firearms license. Following the proposed denial of the application by ATF's regional director, Appellant requested an administrative hearing. Upon conclusion of the hearing, ATF denied the appeal, citing in its written decision the repeated willful violations by Appellant of the Gun Control Act. A final notice of denial was issued on August 5, 1994. Appellant filed the present suit in the United States District Court for the Eastern District of Michigan, seeking review of ATF's denial.
 
 
 6
 After hearing oral argument and considering the evidence de novo, the district court granted ATF's motion for summary judgment. In support of its decision to affirm ATF's denial of a license, the district court found that management of the business had not changed in any significant way; in fact, Appellant's present management was integrally involved in managing the business during the 12 years when violations occurred. The district court thus concluded that the willful violations committed by "Al's Loan Office, Inc." between 1976 and 1988 were properly attributable to the applicant, "Al's Jewelry and Loan, Inc." The district court also observed that Appellant had not taken adequate measures to prevent the recurrence of the type of violations which had occurred in the past. Specifically, the court noted that serious record-keeping violations continued even after Appellant had instituted a computerized system designed to prevent such violations.
 
 
 7
 This timely appeal followed the decision of the district court.
 
 II.
 
 8
 This court reviews a district court's grant of summary judgment and all legal conclusions drawn by that court de novo, using the same standard employed by the district court. See Moore v. Phillip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding upon a motion for summary judgment, we must view the factual evidence and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 III.
 
 9
 Appellant argues that the district court erred in granting ATF's motion for summary judgment because it based its revocation of Appellant's license on an "impermissible standard." Specifically, pointing to statements made by ATF witnesses, the Appellant asserts that ATF denied its application because it incorrectly interprets the Gun Control Act to prohibit an applicant from ever holding a firearms license if that applicant has previously had its license revoked due to a willful violation. Appellant contends that, despite its previous willful violations of the Gun Control Act and the revocation of its license, ATF possesses the discretion to grant it a new license and should do so because of the corrective measures Appellant has undertaken.
 
 
 10
 ATF, on the other hand, denies the interpretation of the Gun Control Act which Appellant attributes to it, arguing quite the opposite. ATF contends that the only issue before the court is whether, under 18 U.S.C. § 923(d)(1)(C), ATF's denial of Appellant's application was proper given its record of serious, willful violations of the Gun Control Act and its accompanying regulations. ATF argues that § 923(d)(1) merely establishes when an application "shall be approved," and not when an application shall be denied. Thus, the ATF posits that although it must grant a license to an applicant who has never violated the Gun Control Act and who otherwise qualifies, it may grant a license to one who has had a prior violation. Accordingly, ATF agrees with Appellant that it has the discretion to issue a license to an applicant who has willfully violated federal gun control laws and regulations, but argues that it chose not to do so due to Appellant's extensive record of such violations.[4]
 
 
 11
 Our inquiry must begin with the statute in question, Section 923(d)(1), which provides:
 
 
 12
 (d)(1) Any application submitted under ... this section shall be approved if--
 
 
 13
 (A) the applicant is twenty-one years of age or over;
 
 
 14
 (B) the applicant ... is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under ... this chapter;
 
 
 15
 (C) the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder;
 
 
 16
 (D) the applicant has not willfully failed to disclose any material information required, or has not made any false statements as to any material fact, in connection with his application;
 
 
 17
 (E) the applicant has in a State (i) premises from which he conducts business subject to license under this chapter ..., or (ii) in the case of a collector, premises from which he conducts his collecting ...; and
 
 
 18
 (F) the applicant certifies that--(i) the business to be conducted under the license is not prohibited by State or local law in the place where the licensed premise is located ...
 
 
 19
 18 U.S.C. § 923(d)(1) (emphasis added). The statute's accompanying regulation, 27 C.F.R. § 178.47(b), sets out the same six criteria and states that ATF shall approve a license application if those criteria are met.
 
 
 20
 While the statutory language indicates that ATF shall approve an application if the applicant meets all criteria, it does not state what ATF must do if the applicant cannot meet one or more of those criteria. Two different interpretations of the statute are possible: (1) ATF must issue a license to an applicant who satisfies all six criteria, and may issue a license to an applicant who does not; or (2) ATF has the authority to issue a license to an applicant only if the applicant meets all six of the statutory criteria.
 
 
 21
 Adopting the first position, ATF and Appellant argue that the standards set forth in § 923(d)(1) are merely a limitation on the agency's discretion to deny a license and not upon its discretion to grant one. This interpretation may be supported by the difference in terminology used in the Gun Control Act and the statute which it replaced, the Omnibus Crime Control and Safe Streets Act of 1968 (OCCSSA). The OCCSSA provided that a license application "shall be disapproved" if the stated conditions were not met. However, the Gun Control Act, passed later that year, amended the OCCSSA language to require that a license application "shall be approved" if the conditions were met, establishing an affirmative obligation to grant a license to a qualified applicant. See H.Rep. No. 1577, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.C.C.A.N. 4410.
 
 
 22
 However, the only grant of licensing authority given to ATF is set forth in 18 U.S.C. § 923(c). Pursuant to that section, the Secretary of the Treasury shall issue a firearms license to a "qualified applicant...." See 18 U.S.C. § 923(c). Neither the statute nor the regulations define the term "qualified applicant," but the mention of "qualified" in the statute is "an apparent reference to the qualifications set forth in § 923(d)(1)." National Coalition to Ban Handguns v. Bureau of Alcohol, Tobacco and Firearms, 715 F.2d 632, 637 (D.C.Cir.1983). It can therefore be argued that when an applicant cannot satisfy each of the factors in section 923(d)(1), the applicant is not "qualified" to hold a federal firearms license and ATF has no statutory authority to grant one.
 
 
 23
 Like the court in National Coalition, we need not reach this "more ambitious contention." See National Coalition, 715 F.2d at 637. Although no court has addressed the issue of whether ATF possesses the discretion to issue a license to an applicant who does not meet each of the requirements of 18 U.S.C. § 923(d)(1)(A)-(F), federal courts have uniformly upheld ATF's denial of firearms licenses to those applicants who have willfully violated the federal gun control laws. See Cucchiara v. Secretary of the Treasury, 652 F.2d 28, 29 (9th Cir.1981) (where the applicant willfully failed to comply with ATF regulations, the district court properly affirmed ATF's refusal to renew that applicant's firearms license), cert. denied, 455 U.S. 948 (1982); Prino v. Simon, 606 F.2d 449, 451 (4th Cir.1979) (affirming the district court's decision that ATF properly denied an application for renewal due to the applicant's willful violations of the federal gun control laws); Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir.1979) (where substantial evidence showed that an applicant's record-keeping violations were willful, ATF was "justified in its refusal to issue a renewal license....".)[5] Because it is undisputed that Appellant willfully violated the federal gun control laws and regulations,[6] and because there was ample evidence of Appellant's failure to institute satisfactory corrective measures to prevent such violations, we hold that ATF properly denied its application for a license. We thus hold that the district court correctly granted summary judgment in favor of ATF.
 
 IV.
 
 24
 For these reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 These record-keeping requirements are set forth in 18 U.S.C. § 923(g) and 27 C.F.R. Part 178
 
 
 [2]
 The Gun Control Act of 1968 governs the requirements for holding a firearms dealer's license. See Gun Control Act of 1968, Pub.L. No. 90-618, 82 Stat. 1213 (codified as amended at 18 U.S.C. §§ 921-930 (1996)). The regulations implementing the Act's licensing provisions are contained in 27 C.F.R. §§ 178.41-178.60
 
 
 [3]
 Al's Loan Office, Inc. v. United States Dep't of Treasury, 738 F.Supp. 221, 224 (E.D.Mich.1990)
 
 
 [4]
 At oral argument, ATF acknowledged that it has granted firearms licenses to past violators of the Gun Control Act
 
 
 [5]
 See also Al's Loan Office, Inc. v. United States Dept. of the Treasury, 738 F.Supp. 221, 224 (E.D.Mich.1990) ("Courts uniformly hold that where, as here, a licensee understood his legal obligations for record keeping, but repeatedly failed to abide by these obligations, his license can be properly denied or revoked pursuant to 18 U.S.C. § 923(e) on the ground that he willfully violated the record keeping requirements of the Gun Control Act."); Powers v. Bureau of Alcohol, Tobacco and Firearms, 505 F.Supp. 695, 698 (N.D.Fla.1980) (noting that "[o]ne requirement of eligibility" for a federal firearms license is that the applicant has not willfully violated the federal gun control laws, and holding that where ATF had proven "repeated, willful violations by [the applicant] of the statutes and regulations governing firearms dealers ... [i]ts decision to deny [the applicant] a firearms license was well considered and correct."); Fin & Feather Sport Shop, Inc. v. United States Treasury Dept., 481 F.Supp. 800, 804, 807 (D.Neb.1979) (holding that ATF was entitled to summary judgment where it had refused to renew an applicant's license due to the applicant's willful violations); Service Arms Co., Inc. v. United States, 463 F.Supp. 21, 22, 27 (W.D.Okla.1978) (affirming ATF's refusal to renew the license of an applicant who had willfully violated the federal gun control laws and regulations); Rich v. United States, 383 F.Supp. 797, 799 (S.D.Ohio 1974) (noting that ATF must issue a firearms license "unless the applicant is disqualified by the carefully defined exceptions of § 923(d)(1)."); Mayesh v. Schultz, 58 F.R.D. 537, 540 (S.D.Ill.1973) (holding that an applicant's willful violations "justify refusal of [the applicant's] license renewal.")
 
 
 [6]
 The United States District Court for the Eastern District of Michigan noted,
 In the case at bar, petitioner does not dispute the fact that it has repeatedly and continuously violated the record keeping requirements of the federal firearms laws from the years 1976 through 1988.... There is no question of fact that petitioner's failure to correct its record keeping was willful and plainly indifferent to the record keeping requirements.
 Al's Loan Office, 738 F.Supp. at 223-24.