*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0357p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

APPALACHIAN RESOURCES DEVELOPMENT
CORPORATION, d/b/a BEND OF THE RIVER,
                              *Petitioner-Appellant,*

        *v.*                                                    No. 03-5537

HARRY L. MCCABE, III, in his official capacity as
Director, Industry Operations, Nashville Division,
Bureau of Alcohol, Tobacco & Firearms,
                              *Respondent-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Cookeville.
No. 01-00061—William J. Haynes, Jr., District Judge.

Argued: August 4, 2004

Decided and Filed: October 20, 2004

Before: CLAY and GILMAN, Circuit Judges; MATIA, Chief District Judge.[*]

_____

### COUNSEL

**ARGUED:** Dale A. Tipps, LEVINE, MATTSON, ORR & GERACIOTI, Nashville, Tennessee, for Appellant. Terry J. Haycox, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellees. **ON BRIEF:** Dale A. Tipps, Richard W. Mattson, LEVINE, MATTSON, ORR & GERACIOTI, Nashville, Tennessee, for Appellant. Terry J. Haycox, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellees.

        MATIA, D. J., delivered the opinion of the court, in which GILMAN, J., joined. CLAY, J. (pp. 6-7), delivered a separate concurring opinion.

_____

[*]The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

---

**OPINION**

---

PAUL R. MATIA, Chief District Judge. Appalachian Resources Development Corporation appeals the district court's grant of summary judgment in favor of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), affirming the revocation of its licenses to sell firearms and ammunition for willfully violating the Gun Control Act of 1968, 18 U.S.C. §§ 921 *et seq.* For the reasons set forth below, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

On July 16, 1997, eighteen year old Aaron Rains, a resident of Cookeville, Tennessee, committed suicide with a .25 caliber handgun. The ATF soon thereafter began an investigation of Bend of the River Shooting Supplies ("appellant"), a store located in Cookeville, Tennessee, that had been duly licensed to sell firearms and ammunition since the early 1970s. Law enforcement officials began to scrutinize appellant after evidence found at the scene of Mr. Rains's suicide indicated that the .25 caliber ammunition used in his handgun was purchased from Bend of the River.[1] Although appellant claims that it does not recollect ever selling ammunition to Mr. Rains, a sales receipt and cashed check are evidence that William West, a sales clerk at Bend of the River, did in fact sell .25 caliber Automatic Colt Pistol ("ACP") ammunition to Mr. Rains on July 16, 1997.

On March 17, 2000, the ATF served appellant with Notices of Revocation of its four federal firearms licenses for selling handgun ammunition in violation of the Gun Control Act ("GCA") of 1968.[2] Appellant was specifically charged with violating 18 U.S.C. § 922(b)(1), which, in pertinent part, prohibits a licensed firearms dealer from selling ammunition, for other than a shotgun or rifle, "to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age." Appellant requested an administrative hearing to review the revocation. On November 30, 2000, the hearing officer found that appellant willfully violated the GCA, therefore upholding the revocation of appellant's firearms licenses.

Appellant next filed suit in United States District Court for the Middle District of Tennessee, seeking review of the revocation. After considering the evidence de novo, the district court granted the ATF's motion for summary judgment. In ruling in favor of the government, the district court determined that appellant "willfully" violated 18 U.S.C. § 922(b)(1) because it had "knowledge of the obligation" not to sell handgun ammunition to underage persons and because of "repeated violations" of that obligation.[3] In reaching this conclusion, the district court ultimately rejected appellant's argument that .25 ACP ammunition is "interchangeable" (i.e., can be used in both handguns and rifles), thus finding that the sale was not exempt under the GCA. This timely appeal followed.

---

[1] The box of .25 caliber ACP ammunition bearing Bend of the River's price tag was found in the car where Mr. Rains committed suicide. It is undisputed that Mr. Rains used this ammunition to commit suicide.

[2] The GCA governs the requirements for holding a firearms dealer's license. *See* Gun Control Act of 1968, Pub. L. No. 90-618, 82 Stat. 1213 (codified as amended at 18 U.S.C. §§ 921-930 (1996)). The regulations implementing the Act's licensing provision are contained in 27 C.F.R. §§ 178.41-178.60.

[3] The district court concluded that appellant's "laissez faire" attitude of the law equated to "repeated violations." The district court specifically noted that when Charles Pardue, the President of Bend of the River, was questioned by the ATF about the sale of ammunition to minors, he stated that "if we have it and they have the money, we sell it." (JA 33)

## II. ANALYSIS

### A. Standard of Review

This court reviews a district court's grant of summary judgment and all legal conclusions drawn by that court *de novo*, using the same standard employed by the district court. *See Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding upon a motion for summary judgment, we must view the factual evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Ind. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Willful Violation of the GCA

The GCA prohibits a licensed dealer from selling handgun ammunition to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age. 18 U.S.C. § 922(b)(1); 27 C.F.R. § 178.99(b). Pursuant to 18 U.S.C. § 923(e), the government may revoke a firearms license if the dealer "willfully" violates a statute or regulation governing the firearm industry.

In the instant matter, it is undisputed that at the time of the ammunition sale to Mr. Rains, appellant knew of its obligation under the GCA not to sell handgun ammunition to underage persons. Despite this fact, appellant maintains that it did not "willfully" violate the GCA because the sale was not done "with the bad purpose to disobey or disregard the law." *Bryan v. United States*, 524 U.S. 184, 190 (1998). The district court rejected this argument, finding that appellant willfully violated the GCA (1) because it had knowledge of the obligation not to sell handgun ammunition to underage persons at the time of the sale to Mr. Rains, and (2) because of "repeated violations" of that obligation. We agree.

The majority of circuits, including the Sixth Circuit, have consistently held that where a licensee understands his or her legal obligations under the GCA, yet fails to abide by those obligations, his or her license can be denied or revoked on the basis that the dealer "willfully" violated the GCA. *See Al's Jewelry & Loan, Inc. v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 95-1765, 1996 WL 683528, at *3-*4 (6th Cir. Nov. 22, 1996)(denial of license affirmed upon finding petitioner willfully violated GCA because he knew of record keeping obligations yet failed to abide by them); *Perri v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 637 F.2d 1332, 1336 (9th Cir. 1981)("To establish grounds for revocation of a license, the government must demonstrate a willful violation of the Act. That is established when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them.")(citing *Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir. 1979)); *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980)("The [GCA] does not require bad purpose or evil motive before a license may be revoked or a renewal application denied. The Secretary need only prove that the petitioner knew of his legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements.")(quotation marks omitted); *Prino v. Simon*, 606 F.2d 449, 451 (4th Cir. 1979)(Under the GCA, in a civil context, "[a] conscious, intentional, deliberate, voluntary decision properly is described as willful, regardless of venal motive.")(quotation marks omitted). Furthermore, it has been recognized that a single violation of the GCA is a sufficient basis for denying an application or revoking a firearms dealer's license. *Cook v. Herbert*, No. 03-00042, 2004 WL 40525, at *2 (W.D. Va. Jan. 5, 2004); *see also 3 Bridges, Inc. v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 216 F. Supp. 2d 655, 659 (E.D. Ky. 2002)*; DiMartino v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001), *aff'd by unpublished order, DiMartino v. Buckley*, No. 01-1166, 2001 WL 1127288, at *1 (4th Cir. Sept. 25, 2001)).

In the present case, we do not believe the "bad purpose" standard set forth in *Bryan* for determining willful conduct is controlling with regard to the district court's standard defining willful violation. The

Supreme Court's decision in *Bryan* affirmed a conviction on the basis of the defendant's "willful" violation of 18 U.S.C. § 924(a)(1), which forbids dealing in firearms without a license. In particular, the Court upheld jury instructions that read:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the *bad purpose* to disobey or to disregard the law.

*Id*. at 190 (emphasis added). The Court, however, cautioned that the word "willfully" has many meanings, and that "[a]s a general matter, when used in a criminal context, a 'willful act' is one undertaken with a bad purpose." *Id*. at 455. Moreover, the *Bryan* opinion acknowledges that a "disregard of a known legal obligation is sufficient to establish a willful violation[.]" *Id*. at 197-98.

Nevertheless, appellant relies solely upon *Bryan* in arguing that a revocation under the GCA requires proof of "bad intent." This particular argument is unsupported by case law in this circuit or elsewhere. To the contrary, there is a wealth of case law, previously cited, which supports the district court's reasoning that Appellant "willfully" violated section 922(b)(1) because of its undisputed knowledge of the law at the time of the ammunition sale to Aaron Rains.

### C. Sufficiency of the Evidence

Appellant next claims that the district court erred in granting summary judgment because there was insufficient evidence to prove it violated 18 U.S.C. § 922(b)(1) by "knowing" or having "reasonable cause to believe" that Aaron Rains was under twenty-one years of age when it sold him ammunition. We disagree. While it is undisputed that appellant did not have actual knowledge of Mr. Rains's age, a careful review of the record, the parties' briefs, and oral arguments by counsel support the district court's finding that appellant had "reasonable cause to believe" that Aaron Rains was under the age of twenty-one years.

The crux of the district court's determination is grounded in the testimony of Rick Martin, a K-Mart sales clerk who spoke with Mr. Rains on the same day he purchased the .25 caliber ammunition from appellant. On that date, Mr. Rains approached Mr. Martin in the sporting goods section of K-Mart and inquired about the minimum age for purchasing .25 caliber ammunition. When told by Mr. Martin that the age was twenty-one, Mr. Rains showed the clerk his driver's license and said, "I'm under twenty-one, I can't buy it." Mr. Rains next proceeded to Bend of the River, where he purchased .25 caliber ammunition without any proof of age or questioning by appellant's sales clerk. Mr. Rains used this ammunition to commit suicide. In deposition testimony, Mr. Martin stated that Mr. Rains's age looked "questionable" and that he had "no doubt" Rains was someone whom he would ask for identification before selling him .25 caliber ammunition. Mr. Martin additionally stated that Mr. Rains looked "somewhere" between the ages of sixteen and twenty-two. Further, the district court found that recent photographs of Rains "clearly suggests that he was less than twenty-one years of age." In contrast, appellant has no recollection of Mr. Rains's appearance and has failed to produce any evidence to cast doubt upon the testimony of Mr. Martin.

In light of these facts, we find that sufficient evidence exists to support the district court's determination that appellant "had reasonable cause to believe" Mr. Rains was less than twenty-one years of age at the time it sold him .25 ACP ammunition. *See Brownlow v. Edgecomb Metals Co.*, 867 F.2d 960, 963 (6th Cir. 1989)("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

### D. Interchangeable Ammunition

The GCA, in pertinent part, prohibits licensed dealers from selling ammunition for "other than" a shotgun or rifle to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years old. 18 U.S.C. § 922(b)(1). "The statute thus distinguishes between handgun ammunition,

which may not be sold to those under 21, and longarm ammunition, which may be sold to customers as young as 18." *Brown v. Wal-Mart Stores, Inc.*, 976 F. Supp. 729, 732 (W.D. Tenn. 1997). Appellant claims that it did not violate 18 U.S.C. § 922(b)(1) because the .25 ACP ammunition it sold Mr. Rains was "interchangeable." *See Bell v. Smitty's Super Valu, Inc.*, 900 P.2d 15, 16-17 (Ariz. Ct. App. 1995)(dealer who sold "interchangeable bullets" to person over age of eighteen but under age of twenty-one did not violate 18 U.S.C. § 922(b)(1)). The district court disagreed, finding that the .25 ACP ammunition was not "interchangeable" because appellant could not (1) prove that Mr. Rains owned a rifle that could discharge .25 ACP ammunition or (2) prove "more contemporary usages" of .25 ACP ammunition in rifles. We concur.

Although there is evidence that a limited number of antiquated rifles exist on the gun show circuit that are capable of firing .25 caliber ACP ammunition, we nonetheless find that this cartridge is not "interchangeable" because it is universally regarded and marketed as strictly handgun ammunition.[4] However, even if we were to conclude that the ammunition is interchangeable, appellant would still be liable under section 922(b)(1) because we remain unconvinced that appellant was "satisfied" that Mr. Rains was purchasing the .25 caliber cartridge for use in a rifle or shotgun. *Brown v. Wal-Mart Stores, Inc.*, 976 F. Supp. at 733 (ATF publication states that "licensee may sell interchangeable ammunition to a person less than 21 years old 'provided the buyer is 18 years or older, and the dealer is satisfied that it is for use in a rifle'")(quoting Bureau of Alcohol, Tobacco and Firearms, *Federal Firearms Regulations Reference Guide* 107 (1995)); *cf. Philips v. K-Mart Corp.*, 588 So.2d 142, 144 (La. Ct. App. 1991)(holding that dealer did not violate § 922(b) by selling .357 Magnum ammunition to nineteen year old who told clerk he intended to use ammunition in rifle); *see also* Bureau of Alcohol, Tobacco and Firearms, *Firearms: Frequently Asked Question*s (Dec. 27, 2002), *available at* http://www.atf.gov/firearms/faq/faq2.htm (stating that a licensee may sell interchangeable ammunition to a person less than twenty-one years of age if buyer is at least eighteen and "the dealer is satisfied that it is for use in a rifle"). A review of the record, the parties' briefs, and oral arguments by counsel fail to even mildly evidence appellant's obedience to this obligation.

## III. CONCLUSION

For all the reasons set forth above, we **AFFIRM** the judgment of the district court.

---

[4] It is undisputed that .25 caliber ACP ammunition was originally designed and is now commonly marketed and regarded as "strictly" handgun or pistol ammunition. Although some "dual-purpose" firearms were produced as late as the 1950s that can fire .25 ACP ammunition, evidence suggests that these rifles are novel and can be found only at gun shows and exhibitions. Appellant's own expert witness, Douglas Wicklund, Senior Curator, National Firearms Museum, even attests that there is currently "no .25 ACP carbine on the American arms market." (JA 178) Furthermore, appellant concedes that these firearms are "uncommon." In stark contrast, millions of handguns have been produced that fire .25 ACP cartridge, with over 50,000 manufactured in 1998 alone. (JA 144)

_____

**CONCURRENCE**

_____

CLAY, Circuit Judge, concurring.  I concur in the majority opinion, but write separately to clarify the standard for determining whether a licensed firearms dealer has committed a "willful" violation of 18 U.S.C. § 923(e).   Citing this Court's unpublished decision in *Al's Jewelry & Loan, Inc. v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 95-1765, 1996 WL 683528 (6th Cir. Nov. 22, 1996), the district court held that a "willful" violation "requires evidence that Petitioner knew of its obligation not to sell to underage person [sic] and evidence of repeated violations of that obligation."  The district court gleaned this rule from *Al's Jewelry*'s citation to *Al's Loan Office, Inc. v. U.S. Dep't of the Treasury*, 738 F. Supp. 221, 224 (E.D. Mich.1990), which noted, "Courts uniformly hold that where, as here, a licensee understood his legal obligations for record keeping, but repeatedly failed to abide by these obligations, his license can be properly denied or revoked pursuant to 18 U.S.C. § 923(e) on the ground that he willfully violated the record keeping requirements of the Gun Control Act."  Contrary to the district court's interpretation, however, the *Al's Jewelry* decision did not cite *Al's Loan Office* for the proposition that a willful violation *requires* a showing of repeated violations, but only as one example, among many, of federal court decisions upholding the ATF's revocation of firearms licenses from dealers who have willfully violated the federal gun control laws.

Nevertheless, *Al's Jewelry* remains instructive because it cited with approval three published decisions from outside the Sixth Circuit that define willfulness under the Act.  *See Al's Jewelry,* 1996 WL 683528, at *4 (citing *Cucchiara v. Sec'y of the Treasury,* 652 F.2d 28, 29 (9th Cir. 1981); *Prino v. Simon,* 606 F.2d 449, 451 (4th Cir. 1979); *Lewin v. Blumenthal,* 590 F.2d 268, 269 (8th Cir. 1979)).  These decisions all hold that a willful violation requires proof that the petitioner both knew of his legal obligation under the Gun Control Act *and* purposefully disregarded or was plainly indifferent to that obligation.  *Cucchiara*, 652 F.2d at 30; *Prino*, 606 F.2d at 451; *Lewis*, 590 F.2d at 269; *see also Perri v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 637 F.2d 1332, 1336 (9th Cir. 1981); *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980); *3 Bridges, Inc. v. United States*, 216 F. Supp.2d 655, 657-58 (E.D. Ky. 2002).  Consistent with this standard, the Supreme Court has held that evidence showing "knowledge that the conduct is unlawful is all that is required" to prove a willful violation of the Gun Control Act and has noted that "disregard of a known legal obligation [under the Act] is certainly sufficient to establish a willful violation."  *Bryan v. United States,* 524 U.S. 184, 196 and 198-99 (1998).

It is clear from the following facts that appellant (1) knew of the Gun Control Act's prohibition against selling handgun ammunition to a buyer whom the dealer knows or has reasonable cause to believe is younger than age 21, 18 U.S.C. § 922(b)(1), and (2) demonstrated purposeful disregard or plain indifference to that prohibition:

•Appellant sold handgun ammunition to an individual under the age of 21 (Aaron Rains).

•At the time of the sale, appellant knew that selling handgun ammunition to an individual under age 21 would be illegal.

•The K-Mart store clerk who had seen Rains on the day of the sale testified that Rains appeared to be as young as 16 and, therefore, the clerk opined that he would have requested proof of age before selling handgun ammunition to Rains.

•Recent photographs of Rains "clearly suggest that he was less than 21 years of age" at the time of the purchase.

•Appellant had a "laissez faire type of approach" to selling firearms and ammunition, as evidenced by (a) appellant's sales policy ("if we have it and they have the money, we sell it") and (b) appellant's practice of determining the age of purchasers through only "casual observation."

Although appellant disagrees with the district court's findings on some of the disputed factual issues, this Court must find clear error in order to reverse. I agree with the majority that there is no basis to reverse the district court's findings under this deferential standard of review.