**MAGNOLIA LIQUOR COMPANY, Inc.,**
**Appellant,**

v.

**Joseph F. BLACK, Assistant Regional Commissioner, Alcohol & Tobacco Tax Division (Dallas Region), Internal Revenue Service, Appellee.**

No. 14914.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1958.

As Modified on Denial of Rehearing
March 26, 1958.

Moise S. Steeg, Jr., New Orleans, La., for appellant.

Heard L. Floore, Fort Worth, Tex., Daniel M. Friedman, Washington, D. C., for appellee.

Before BORAH and JONES, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

In our judgment in this cause, formerly styled Magnolia Liquor Co., Inc., v.

Cooper, reported at 5 Cir., 231 F.2d 941, we set aside an administrative order of the appellee which suspended for fifteen days the wholesaler's Basic Permit which had been issued to the appellant, Magnolia Liquor Company, Inc., under the Federal Alcohol Administration Act, 27 U.S.C.A. § 201 et seq. The order was based upon the administrative determination that tie-in sales to retailers were prohibited by the Act, and upon an administrative finding that tie-in or quota sales had been made by the appellant to such an extent as substantially to restrain or prevent transactions by others in interstate or foreign commerce in distilled spirits or wine. It was our opinion that the Act was penal in nature and should be strictly construed. Applying such canon of construction, we concluded that the Act did not prohibit tie-in sales.

The Supreme Court was of the opinion that the legislation was remedial in character and that tie-in sales violate the Act. Black v. Magnolia Liquor Co., 355 U.S. 24, 78 S.Ct. 106, 2 L.Ed.2d 5. Our judgment was reversed and the case was remanded. It is now before us for further proceedings. Other questions were presented on the appeal which, under the view we then took of the case, we found it unnecessary to decide. These questions are again before us. Of these questions only three seem to require comment.

■ It was contended that the tie-in sales, if prohibited, were not "willful" violations. The appellant was well aware of the administrative view that tie-in sales were within the ban of the statute but nevertheless made and continued to make such sales. The sales were intentionally made. The element of willfulness was established. Arrow Distilleries v. Alexander, 7 Cir., 1940, 109 F.2d 397; Rex Wine Corporation v. Dunigan, 2 Cir., 1955, 224 F.2d 93.

The proposition that the evidence did not show a practice of tie-in sales "to such an extent as substantially to restrain or prevent transactions in interstate or foreign commerce" is urged. The Government's proof showed a number of tie-in sale transactions but the number was a very small percentage of the total volume of the appellant's business. In some instances retailers who made purchases from appellant testified that their purchases from other distributors were not curtailed. The examiner who heard these witnesses, who testified for the Government under subpoena, concluded that they were unwilling witnesses and declined to credit these statements. We cannot say that this conclusion is contrary to human experience. There is no basis for rejecting the determination of the examiner as to the credibility of witnesses whose demeanor was under his observation. Other testimony showed instances where, if the tie-in sales by the appellant had not been required, purchases of the products of appellant's competitors would have been made, and the evidence justified the determination that such purchases would have been transactions in interstate commerce. The evidence was sufficient to establish the violations. International Salt Co. v. United States, 332 U.S. 392, 68 S.Ct. 12, 92 L.Ed. 20; Standard Oil Co. of California and Standard Oil Co. v. United States, 337 U.S. 293, 69 S.Ct. 1051, 93 L.Ed. 1371.

■ The sanction, the appellant contends, is too severe. This is a matter for administrative discretion. No abuse is shown. See Rex Wine Corporation v. Dunigan, supra.

Our judgment heretofore entered will be vacated and set aside and judgment will be entered affirming the order of the Assistant Regional Commissioner suspending appellant's Basic Permit for fifteen days.