Mozelle McLEMORE, d/b/a Mack's Pawn Shop, Petitioner,

v.

UNITED STATES TREASURY DEPART-MENT, Internal Revenue Service, Alcohol, Tobacco and Firearms Division, Respondent.

Civ. A. No. 809.

United States District Court,
N. D. Florida,
Marianna Division.

Oct. 9, 1970.

Larry A. Bodiford, Panama City, Fla., for petitioner.

Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for respondent.

## OPINION—ORDER

MIDDLEBROOKS, District Judge.

This cause is before this Court upon review of an administrative order dated May 19, 1970, in which the Assistant Regional Commissioner, Alcohol, Tobacco and Firearms Division, Internal Revenue Service sustained the findings of the Hearing Officer revoking Federal Firearms License No. 59–1895 as a result of charges brought against the licensee for violation of certain provisions of the Gun Control Act of 1968.

Petitioner was charged in violation of Title 18, United States Code, Section 924 (a) and Title 26, Code of Federal Regulations, Section 178.124 for his wilfully failing to maintain proper records of disposition of firearms in his possession. It was further charged that petitioner was in violation of Title 18, United States Code, Section 923(g) and Title 26, Code of Federal Regulations, Sections 178.121–125 for his failing to maintain proper records of receipt of certain firearms in his possession and on display in his place of business.

Notice of revocation of the license was initially given on April 3, 1970, and pursuant to provisions contained in Title 26, Code of Federal Regulations, Section 178.72 and Title 18, United States Code, Section 923(f) (2), a hearing to review the contemplated revocation was held in Marianna, Florida, on May 7, 1970. Upon determination by the designated administrative officer that the violation had been wilful and that revocation of the license was proper, this appeal as provided for by Title 18, United States Code, Section 923(f) (3) ensued and a hearing thereon was held in this Court at Marianna, Florida, on October 5, 1970.

### FINDINGS OF FACT

Petitioner, Mozelle McLemore, d/b/a Mack's Pawn Shop, was the hold-

er of a federally issued license designated as Federal Firearms License No. 59–1895, and for use by a pawnbroker dealing in firearms.

■ At the time of the issuance of his license, petitioner was furnished a copy of the Gun Control Act of 1968 by respondent or its agents.

■ From time to time it was customary for special investigators of the United States Treasury Department, Alcohol, Tobacco and Firearms Division, to visit the premises at petitioner's place of business and to inspect records relative to the acquisition and disposition of firearms.

■ Title 26, Code of Federal Regulations, Section 178.125, describes in part the manner in which records are to be kept and the agents of respondent were fully acquainted with the requirements of the law.

■ In the period stretching from May 28, 1969, to October 30, 1969, special investigator Wilhjelm checked the records of Mack's Pawn Shop on six separate occasions. Finding certain deficiencies and shortcomings in the petitioner's method of record-keeping, the special investigator advised Mr. McLemore and his employees of these inaccuracies and instructed them as to the correct procedure that should be followed. Among the deficiencies noted was the haphazard manner in which the 4473 forms were kept. Thereafter, petitioner's record-keeping improved but the special investigator continued to note discrepancies in the records despite improvement which had been made.

■ An investigation of petitioner's records made on January 26, 1970, by special investigator Clemmons revealed that fourteen (14) pistols were unaccounted for in the bound firearm ledger of Mack's Pawn Shop. None of these items was recorded in the ledger nor was there any evidence of receipt for same. This fact is conceded by petitioner himself. See page 15 of transcript At this time it was also observed that another assortment of rifles on display at the premises had not been properly recorded and entered into the ledger.

■ Investigation at that time also centered around disposition of a .22 caliber pistol which had purportedly been entered into pawn and identified by ticket number 17727. The date carried on the pawn ticket was January 10, 1970. Examination of records and files revealed that no form 4473 had been prepared showing the acquisition and disposition of this weapon. Some time later a form 4473 related to the above transaction was indeed unearthed and produced, but the transaction date described on the form was given as January 10, 1970, the date the gun was pawned, rather than January 20, 1970, the date the gun was taken out of pawn. Also absent from the form was identity of the transferee. In addition, there was no record of this transaction placed in the bound firearm's ledger.

■ Petitioner during the period of time investigations were conducted was oftentimes required to be away from his business because of illness; however, employees who were left to run the business were acquainted with the requirements of the law just as was the petitioner. Even with this knowledge of these requirements testimony reveals that they nonetheless failed to maintain and keep accurate records.

## CONCLUSIONS OF LAW

■ This Court has jurisdiction over the parties and the subject matter. Title 18, United States Code, Section 923(f)(3).

■ [2] Where in a proceeding for judicial review of the decision of an administrative body there is present substantial evidence in support of the administrative action and proper legal standards have been applied, it would be

error for this Court to reverse the determination made by the administrative officer and to substitute its own judgment. Todd v. Finch, 309 F.Supp. 1404 (N.D. Fla.1970). The jurisdiction of this Court, then, is confined to a limited review of the decision of the Commissioner and the record made in the administrative hearing process.

 [3] With knowledge of the requirements of law and in knowingly failing to maintain the 4473 forms properly, i. e., by failing to identify the firearm by type, model, caliber or gauge and serial number and by failing to identify fully the transferee, petitioner wilfully violated Title 26, Chapter 1, Section 178.-124, Code of Federal Regulations and Title 18, United States Code, Section 924 (a).

With knowledge of the requirements of law and in knowingly failing to maintain proper records as to the acquisition and disposition of firearms in his possession, i. e., by failing to maintain ledger books in accordance with the regulations as prescribed by the Secretary of the Treasury, petitioner wilfully violated Title 26, Chapter 1, Sections 178.121 through 178.125, Code of Federal Regulations and Title 18, United States Code, Section 923(g).

The mere fact that a part of the above mentioned violations are attributable to the agents or employees of petitioner in nowise mitigates the conduct of petitioner, and under the respondeat-superior doctrine, petitioner can be held blameworthy for their acts.

Based on all of the testimony in the transcript and the credible evidence before the hearing examiner, this Court finds that the decision of the Regional Commissioner is supported by substantial evidence and is therefore binding on this Court.

This Court affirms the determination of the Secretary of the Treasury made through his lawfully designated agent.