Sam LEWIN and William Nowick, d/b/a George's Jewelry and Loan, Appellees,

v.

Michael BLUMENTHAL, Secretary of the Treasury of the United States, Appellant.

No. 78–1380.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Jan. 5, 1979.

Barbara Allen Babcock, Asst. Atty. Gen., Ronald S. Reed, U. S. Atty., Kansas City, Mo., and Robert E. Kopp and Susan A. Ehrlich, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for appellant.

David H. Dunlap of Campbell, Gilmore, Erickson, Cottingham, Morgan & Gibson, Kansas City, Mo., for appellees.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

In this proceeding the United States appeals from a decision of the district court which held that Sam Lewin and William Nowick, d/b/a George's Jewelry and Loan, should *not* be denied a license to sell firearms for purported violations of the record-keeping requirements of 18 U.S.C. § 921 *et seq.* Lewin and Nowick had taken an appeal to the district court after being denied a license by the Secretary of the Treasury.

18 U.S.C. § 923(d)(1)(C) provides that an application for a dealer's license shall be approved if "the applicant has *not willfully* violated any of the provisions of this chapter or regulations issued thereunder." (Emphasis added.)

■ We reverse, having found that the district court applied an incorrect legal standard defining willful violation. In formulating a legal standard, we rely chiefly on *Shyda v. Director, Bureau of Alcohol, Tobacco & Firearms,* 448 F.Supp. 409, 415 (M.D.Pa.1977), as well as on decisions of our court defining "willful" violations in the context of other regulatory schemes which impose civil penalties. *See Western Waterproofing Co. v. Marshall,* 576 F.2d 139, 142 (8th Cir. 1978), *cert. denied* —— U.S. ——, 99 S.Ct. 452, 58 L.Ed.2d 423 (1978).

In *Shyda,* which was not cited to the district court,[1] it was held that plain indifference to the regulatory requirements could suffice as a "willful" violation justifying the denial of a license:

> In order to prove a violation of 18 U.S.C. § 923(g) and 27 C.F.R. §§ 178.124 & 178.125 the Bureau must establish that the licensee "willfully" failed to maintain the proper records. Petitioner argues that the Bureau has not proven willfulness, and that therefore summary judgment should not be granted. In a civil context such as this, the definition of "willfully" is dependent upon the specific statutes involved. *See Irey v. Occupational Safety and Health Review Comm'n,* 519 F.2d 1200, 1207 (3d Cir. 1974); *Rich,* 383 F.Supp. at 800. For the violations alleged here, the Bureau must prove that the petitioner knew of his legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. *See Rich,* 383 F.Supp. 800–01; *McLemore v. United States Treasury Dep't,* 317 F.Supp. 1077, 1079 (N.D.Fla.1970); *Mayesh,* 58 F.R.D. at 540. *Cf. Rex Wine Corp. v. Dunigan,* 224 F.2d 93, 95 (2d Cir. 1955). There is no requirement of bad purpose as might be imposed were the Court faced with determining the definition of willfulness in a criminal prosecution. *Cf. Intercounty Construction Co. v. Occupational Safety and Health Review Comm'n,* 522 F.2d 777, 779–80 (4th Cir. 1975).

*Shyda v. Director, Bureau of Alcohol, Tobacco & Firearms, supra,* 448 F.Supp. at 415. *See also McLemore v. United States Treasury Department,* 317 F.Supp. 1077, 1079 (N.D.Fla.1970); *St. Louis & San Francisco Railroad Co. v. United States,* 169 F. 69, 71 (8th Cir. 1909).

■ In the present case an administrative hearing was held on August 11, 1975. This hearing disclosed a large number of violations ranging from failure to keep proper records on sales of weapons, to the sale of weapons to at least three persons who admitted their status as felons on the 4473 forms submitted to Lewin. A careful review of the evidence could only lead one to the conclusion that the appellees were indifferent to the requirements of the law.

In the district court it was determined that a de novo hearing would be proper and that additional evidence should be presented on whether plaintiffs' violations of the Act were willful. The district court found that in an investigation conducted in March 1977, evidence of further violations were discovered "including incomplete city and state addresses, improper identification, illegible handwriting by the transferee, failure to check one box on one form pertaining to alien status, and not recording some transactions in the bound volume within 10 days." Thus, even though the 1975 hearing on the 1974 compliance check had revealed serious violations, the appellees still were failing to comply with the law two years later.

Based on our reading of the record there was substantial evidence to justify the determination by the appellant that the violations were willful. Appellant was therefore justified in its refusal to issue a renewal license to appellees.

Reversed and remanded with directions to dismiss the complaint of the appellees.

1. The district court was directed to *Rich v. United States,* 383 F.Supp. 797 (S.D.Ohio 1974), and concluded that it was "the only reported decision on this issue." We prefer the *Shyda* court's definition set out above to the definition in *Rich* which provides without elaboration that the licensee's conduct be "purposeful, intentional conduct." *Rich v. United States,* 383 F.Supp. 797, 800 (S.D.Ohio 1974).