[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10755
Non-Argument Calendar

_____

D. C. Docket No. 04-00121-CV-WS-C

WILLINGHAM SPORTS, INC.,

Plaintiff-Appellant,

versus

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 11, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

In January 2002 Willingham Sports, Inc. received notice from the Bureau of

Alcohol, Tobacco, Firearms and Explosives that its federal firearms dealer license was being revoked due to violations of federal regulations. Willingham Sports timely requested an administrative hearing to review the revocation decision. The administrative hearing officer determined that Willingham Sports had willfully and repeatedly violated federal firearms dealer regulations and, on that basis, recommended that its license be revoked.[1] The ATF director accepted that recommendation and formally denied Willingham Sports' application for renewal of the license. Willingham Sports then sought review of that decision in the district court pursuant to 18 U.S.C. § 923(f)(3), which provides for de novo judicial review of the denial of a firearms dealer license application.

The district court granted summary judgment to the ATF. It determined that the material facts developed at the administrative hearing justified nonrenewal and that Willingham Sports had failed to introduce evidence raising a substantial question about those facts. In particular, the district court held that Willingham Sports had willfully violated the federal firearms regulations because it had engaged in repeated violations of those regulations despite having been advised by the ATF on several prior occasions of recordkeeping defects. Therefore, the district court held that the ATF had the authority to deny Willingham Sports'

---

[1] Because Willingham Sports' license expired during the pendency of the proceedings, the license revocation hearing was converted to a license renewal hearing by the ATF.

application for renewal and affirmed its decision.

"We review a district court's grant of summary judgment de novo, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Johnson v. Governor of Fla., 405 F.3d 1214, 1217 (11th Cir. 2005); see also Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 463 (6th Cir. 2004) (applying de novo review to the district court's grant of summary judgment affirming the ATF's revocation of a firearms license).

The ATF has the authority to deny an application for a firearms dealer license only on specified grounds. One of those grounds is that the applicant has "willfully violated any of the provisions of [the Gun Control Act] or regulations issued thereunder." 18 U.S.C. § 923(d)(1)(C). It is undisputed that Willingham Sports has violated the firearms dealer regulations. Jimmy Ronald Willingham, the sole proprietor of Willingham Sports, admitted at the administrative hearing that, during four different ATF inspections over the fourteen years Willingham Sports held a firearms dealer license, numerous recordkeeping errors and other violations of the federal regulations were uncovered.[2]

---

[2] The relevant regulations here are 27 C.F.R. § 478.125(e), which requires licensed firearms dealers to record "each receipt and disposition of firearms" in what is commonly called

3

Thus, the sole issue on appeal is whether the district court correctly determined that there is no genuine issue of material fact about whether Willingham Sports' violations of the firearms regulations were willful. The term "willful" is not defined by § 923. Four of the five circuits that have addressed the matter have concluded that a violation is "willful" for purposes of § 923 where a firearms dealer "knew of his legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements." Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir. 1979); accord Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464–65 (6th Cir. 2004); Perri v. Dep't of the Treasury, 637 F.2d 1332, 1336 (9th Cir. 1981); Stein's, Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir. 1980). The definition of "willful" adopted by the other of the five circuits to consider the issue differs only in that the term "plain indifference" is not explicitly used. Prino v. Simon, 606 F.2d 449, 451 (4th Cir. 1979) ("'Willful' means action taken knowledgeably by one subject to the statutory provisions in disregard of the action's legality. . . . A conscious, intentional, deliberate, voluntary decision properly is described as willful, regardless of venal motive." (internal marks and citation omitted)).

---

a "bound book," and 27 C.F.R. § 478.124, which requires firearms dealers to complete (or have the buyer complete) a Form 4473 firearms transaction record for each gun that is sold or disposed of.

4

In all five of these circuits, a bad purpose or evil motive is not required. Appalachian Res. Dev. Corp., 387 F.3d at 464–65; Stein's, Inc., 649 F.2d at 467; Cucchiara v. Sec'y of the Treasury, 652 F.2d 28, 30 (9th Cir. 1981); Lewin, 590 F.2d at 269; see also Prino, 606 F.2d at 451. Instead, the firearms dealer is considered to have acted willfully under § 923 if, with knowledge of what the regulations require, the dealer repeatedly violates those regulations. See Appalachian Res. Dev. Corp., 387 F.3d at 464 (agreeing with the district court's determination that violations of firearm regulations were "willful" because the dealer had knowledge of its obligations and repeatedly violated them); Stein's, Inc., 649 F.2d at 468 (same); Cucchiara, 652 F.2d at 30 (same); Lewin, 590 F.2d at 269 (same); see also Prino, 606 F.2d at 450–51.

We agree with those five circuits that a showing of purposeful disregard of or plain indifference to the laws and regulations imposed on firearms dealers shows willfulness for purposes of § 923(d)(1)(C). This standard accords with other decisions of our Court defining "willful" violations in the context of regulatory schemes that impose civil penalties, as opposed to criminal ones. See J.A.M. Builders, Inc. v. Herman, 233 F.3d 1350, 1355 (11th Cir. 2000) ("Although the term 'willful' is not defined in the Act, this Court has held that in its simplest form, a willful violation is an intentional disregard of, or plain indifference to, OSHA

5

requirements." (internal marks and citation omitted)); Reich v. Trinity Indus., Inc., 16 F.3d 1149, 1152 (11th Cir. 1994) (same). Further, we agree with the Fourth, Sixth, Seventh, Eighth and Ninth Circuits that a dealer's repeated violations after it has been informed of the regulations and warned of violations does show purposeful disregard or plain indifference. See Appalachian Res. Dev. Corp., 387 F.3d at 464; Stein's, Inc., 649 F.2d at 468; Cucchiara, 652 F.2d at 30; Prino, 606 F.2d at 451; Lewin, 590 F.2d at 269.

Applying those standards to this case, we conclude that no reasonable factfinder could find that Willingham Sports' violations of the firearm dealer regulations were anything but willful and that, therefore, the district court properly granted summary judgment to the ATF. First, the record shows that Willingham Sports was aware of its recordkeeping obligations under the Gun Control Act. Jimmy Ronald Willingham testified that he had received a number of governmental publications, including the Federal Firearms Regulations Guide, that explained the various regulations. He also testified that he knew Willingham Sports held its license contingent on compliance with the regulations and that, as a federally licensed firearms dealer, it was charged with knowing and understanding all regulations. Furthermore, the record shows that following the 1999 inspection an ATF officer personally went over the Federal Firearms Regulations Guide with

6

Willingham, explaining the regulations to him and answering any questions that he had.

Second, the record shows that, although Willingham Sports was aware of its violations, it persisted in failing to comply with the regulations. The ATF inspected Willingham Sports on four different occasions between 1987 and 2001. Each time, Jimmy Ronald Willingham received and signed a report from the ATF listing the various violations it had found.[3] Yet, each time an ATF inspector returned, the same or similar violations were found. Additionally, after the 1999 inspection, the ATF sent Willingham Sports a warning letter advising it that repeated violations of the regulations could result in the revocation of its license. Nevertheless, when the ATF returned to inspect Willingham Sports again in 2001, it found that many of the same problems still existed. The store's inventory still did not correspond with its records and there were numerous errors in the Form 4473's filled out by buyers. See note 2, supra.

In light of the fact that Willingham Sports was aware of both its obligations

---

[3] While some of the violations recorded by the ATF inspectors seem minor, there were others that are obviously serious. For instance, every investigation revealed that Willingham Sports' acquisition and disposition records incorrectly listed a number of firearms as being in the store's physical inventory though they were not there. In 1990, the ATF inspector simply noted that the disposition records did not match the store's inventory. In 1992 the ATF inspector discovered that Willingham Sports' records showed 27 firearms as being in the store's inventory that were not there. In 1999, there were 130 missing firearms, and in 2001 there were 25 missing firearms.

under the firearms regulations and its previous violations, we conclude that there is no genuine issue of material fact about whether its continued and repeated failure to comply was willful.

AFFIRMED.