**In the Matter of the REVOCATION OF THE FEDERAL FIREARMS LICENSE HELD BY: Shawn D. SULLIVAN, Larry A. Powell, and Chad E. Hogston D/B/A Shooter's Choice, 6789 Gordon Road Wilmington, NC 28411**

No. 7:05–CV–116–F3.

United States District Court,
E.D. North Carolina.
Southern Division.

April 3, 2006.

Dennis H. Sullivan, Jr., The Sullivan Law Firm, Wilmington, DE, for Petitioner Shawn D. Sullivan In the Matter of the Revocation of the Federal Firearms License Held By.

Joshua B. Royster, U.S. Department of Justice, Raleigh, NC, for Respondent USA.

### ORDER

JAMES C. FOX, Senior District Judge.

Shawn D. Sullivan [Sullivan], Larry A. Powell [Powell], and Chad E. Hogston [Hogston], d/b/a Shooter's Choice [collectively, "Petitioners"] petition this court pursuant to 18 U.S.C. § 923(f)(3) for a *de novo* judicial review of a decision by the Bureau of Alcohol, Tobacco, and Firearms [ATF] to revoke their license as a dealer in firearms. This matter is before the court on Respondent's Motion for Summary Judgment [DE–8] and Petitioner's Motion for Hearing [DE–16]. These matters are now ripe for disposition.

### I. BACKGROUND

Petitioners applied for a federal firearms license on September 25, 2001. On November 26, 2001, ATF Investigator Steve Rapps [Rapps] met with Powell and Sullivan regarding their application. During the meeting, Rapps reviewed ATF rules and procedures and Sullivan executed an acknowledgment of ATF rules and procedures. Subsequently, ATF issued federal firearms license number 1–56–129–01–4M–0743, authorizing Petitioners to engage in the business as a dealer in firearms other than destructive devices.

Between May 11 and May 21, 2004, ATF Investigator John B. Franklin [Franklin] conducted a compliance inspection at the Petitioners' premises, in which Franklin cited the Petitioners with a number of violations. On August 30, 2004, the Director of ATF Industry Operations for the Charlotte Field Division [DIO], issued a notice of revocation of license to Petitioners. Petitioners requested a hearing on the matter via letter dated September 8, 2004.

After a hearing held on March 2, 2005, the DIO made findings of fact and conclusions of law in a report [ATF report], which resulted in the revocation of Petitioners' federal firearms license. The ATF found that: (1) on twenty-seven occasions, Petitioners willfully failed to timely record the acquisition of a firearm as re-

quired by 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e); (2) on forty-two occasions, Petitioners willfully failed to timely record the disposition of a firearm as required by 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e); (3) on nineteen occasions, Petitioners willfully transferred a firearm to an unlicensed person without first contacting the National Instant Criminal Background Check System [NICS] or recording the required NICS information on ATF form 4473, as required by 18 U.S.C. §§ 922(t), 923(g)(1)(A) and 27 C.F.R. §§ 478.102, 478.124(c)(3); and (4) on three occasions, Petitioners willfully failed to timely report the multiple sales of pistols or revolvers, as required by 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. *See* Petition [DE–1] at Ex. A.

## II. SUMMARY JUDGMENT

### A. Standard

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate against a party who fails to make a showing suffi-

cient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. "Summary judgment is proper on *de novo* review where there is no substantial reason to receive further evidence and the facts were fully developed at the administrative hearing." *T.T. Salvage Auction Co., Inc., v. Secretary, U.S. Dept. of Treasury*, 859 F.Supp. 977, 979 (E.D.N.C.1994).

### B. Analysis

Respondent the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, has moved for summary judgment, maintaining that there is no genuine issue of material fact casting doubt on the ATF's decision to revoke Petitioners' federal firearms license due to willful violations of the Gun Control Act. *See* 18 U.S.C. § 921, *et seq.* Petitioners do not dispute that they violated the law. Rather, Petitioners maintain that there is a genuine issue of material fact with respect to whether their violations were indeed willful.

Pursuant to 18 U.S.C. § 923(e), "[t]he Secretary may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Secretary under this chapter." A firearms license may be revoked after just one wilful violation of the law. *DiMartino v. Buckles*, 129 F.Supp.2d 824, 827 (D.Md.2001)("A single violation is sufficient for denying an application or revoking a license."). Willfulness does not require a showing of bad purpose or evil motive. *Prino v. Simon*, 606 F.2d 449, 451 (4th Cir.1979)("[a] conscious, intentional, deliberate, voluntary decision properly is described as willful, regardless

of venal motive."). Rather, "a violation is willful if it can be established that the licensee understood the requirements of the law but knowingly failed to follow them or if the licensee was indifferent to these requirements." *T.T. Salvage Auction,* 859 F.Supp. at 980. Consequently, the question before the court is whether Petitioners have raised a genuine issue of material fact as to whether their violations of the Gun Control Act were willful. Based on the record before the court, the answer is no.

■ As evidence that their actions were not willful, Petitioners submit the affidavit of Sullivan, which provides:

> I deny that any of the factual allegations contained in the Respondent's Brief were willful. Shooter's Choice and its employees did not purposefully disregard their legal obligations, and were not plainly indifferent to the recordkeeping requirements.

Aff. of Shawn D. Sullivan [DE–15] at ¶ 6. Other than this affidavit, Petitioners have provided no evidence to support the conclusion that their violations of the law were not willful. It is well established that one "cannot demonstrate a dispute as to a genuine issue of material fact by simply setting forth unsubstantiated speculation and allegations." *Holmes v. e.spire Communications,* 135 F.Supp.2d 657, 663 (D.Md.2001). Additionally, contrary to Sullivan's affidavit, there is evidence before the court that suggests Petitioners knowingly failed to follow the requirements of the law or were indifferent to these requirements.

■ During the March 2, 2005 hearing, Rapps testified that he reviewed ATF rules and procedures when he met with Powell and Sullivan on November 26, 2001. *See* Petition [DE–1] at Ex. A, ¶¶ 2, 3. Rapps discussed the requirement that the acquisition and disposition of a firearm be timely recorded; that NICS must be con-

tacted prior to transferring a firearm to an unlicensed person; and that multiple sales of pistols and revolvers must be properly recorded. *Id.* at ¶ 3. Additionally, Sullivan signed an acknowledgment of ATF rules and procedures and Sullivan himself testified at the March 2, 2005 hearing that he recalled receiving such instructions. *Id.* at ¶¶ 2, 3.

According to the ATF report, Petitioners first failed to record the acquisition of a firearm it received on December 11, 2001, less than one month after Rapps explained the rules regarding proper recording of the acquisition of firearms. *Id.* at ¶ 27. Sullivan testified at the hearing that the manager of Shooter's choice misinterpreted directions on how to record the acquisitions and dispositions of firearms. However, the acquisition and disposition of at least one firearm, a Colt pistol, were properly recorded, suggesting that Petitioners and their employees knew of the proper method of recording such transactions but were indifferent to these requirements. *Id.* at ¶ 29.

The evidence before the court establishes that Petitioners willfully violated the Gun Control Act. Petitioners received an explanation of the requirements for the operation of a firearm distributor, but nevertheless repeatedly violated these requirements. *See Willingham Sports, Inc. v. ATF,* 415 F.3d 1274, 1276 (11th Cir. 2005)("[T]he firearms dealer is considered to have acted willfully under § 923 if, with knowledge of what the regulations require, the dealer repeatedly violates those regulations."). Consequently, Petitioners have failed to raise a genuine issue of material fact as to the willfulness of their violations of the law and the Respondent's Motion for Summary Judgment is ALLOWED.

### III. MOTION FOR HEARING

■ Petitioners move for a hearing, maintaining that Powell did not testify at

the March 2, 2005 hearing and that "Powell has specific information and knowledge which would assist the court in making a determination as to the willfulness of the allegations." Mot. for Hearing [DE–16] at p. 1. However, as discussed above, Petitioners have failed to raise a genuine issue of material fact with regard to the willfulness of their violations of federal firearms laws. "The reviewing court can grant summary judgment without conducting an evidentiary hearing if no genuine issue of material fact exists." *DiMartino v. Buckles*, 129 F.Supp.2d 824, 827 (D.Md.2001). Therefore, Petitioners' Motion for Hearing is DENIED.

## IV. CONCLUSION

Based upon the foregoing, it is therefore ORDERED that:

1. Respondent's Motion for Summary Judgment [DE–8] is ALLOWED.

2. Petitioners' Motion for Hearing [DE–16] is DENIED.

3. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.