[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 7, 2006
THOMAS K. KAHN
CLERK

No. 05-14350
Non-Argument Calendar

_____

Agency Nos.
1-AL-089-20-2J-00120
1-BL-000-19-OH

LUNA TECH, INC.,

Petitioner,

versus

BUREAU OF ALCOHOL, TOBACCO AND FIREARMS,

Respondent.

_____

Petition for Review of a Decision of the
Department of Justice

_____

(June 7, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Luna Tech, Inc., petitions for review of the revocation by the Bureau of Alcohol, Tobacco, Firearms and Explosives of its license to manufacture high explosives and the decision of the ATF not to renew its licenses to manufacture binary explosives and import low explosives. We deny the petition.

## I. BACKGROUND

After an explosion and fire at the facilities of Luna Tech, ATF investigators discovered a previously unknown laboratory magazine attached to the Luna Tech laboratory. Based on its investigation, the ATF issued Notices of Contemplated Denial or Revocation of License or Permit to Luna Tech on December 13, 2001. The Notices charged Luna Tech with 12 violations of the Safe Explosives Act and federal regulations. On December 17, 2001, Luna Tech responded to the Notices and requested a hearing and a stay of action pending the hearing. The stay was granted. Six months later, Luna Tech explained in writing changes that it had made to achieve compliance with federal law. On July 3, 2002, the ATF issued to Luna Tech a Notice of Revocation of License or Permit and two Notices of Denial of Application for License or Permit. The Notices again listed twelve violations.

A hearing on the revocation and denials of renewal was held before an Administrative Law Judge. The ALJ upheld the revocation and denials of renewal on the first six counts for violations of reporting requirements, storage of explosives, and record-keeping, but dismissed counts seven through twelve. On

the first six counts, the ALJ found that Luna Tech willfully violated federal explosive laws and regulations when it failed to notify the ATF of the attached lab magazine, stored explosive materials in the lab magazine, and failed to keep required records. Luna Tech petitioned for review to the ATF Director, who affirmed the revocation and denials. The Director found that the factual findings of the ALJ were supported by substantial evidence, the violations were not barred by the statute of limitations, and the ATF was not required to permit Luna Tech an opportunity for compliance because the violations were willful.

## II. STANDARD OF REVIEW

"We review decisions of [the ATF] in accordance with [section] 706 of the Administrative Procedure Act, see 5 U.S.C. § 7123(c), and will set aside only those . . . actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Fed. Labor Relations Auth. v. Nat'l Aeronautics & Space Admin., 120 F.3d 1208, 1211 (11th Cir. 1997) (quoting 5 U.S.C. § 706(2)(A)). We review findings of fact to determine whether they are supported by substantial evidence. 5 U.S.C. § 706(2)(E).

## III. DISCUSSION

Luna Tech makes four arguments. Each argument fails.

First, Luna Tech argues that the revocation of its license and denial of permits based on a finding of willfulness is inconsistent with the fact that the ATF

3

has permitted Luna Tech to continue its operations under a stay. Luna Tech relies on regulation 555.76, which permits the ATF to withdraw the approval of a stay in cases in which the director finds that it is contrary to the public interest for the licensee to continue. 27 C.F.R. § 555.76(c). Luna Tech argues that, because it has been allowed to continue its operations, the ATF necessarily has not made a finding that the continued operation was a threat or harmful to the public, and the finding by the ATF that Luna Tech willfully violated federal law is arbitrary and capricious.

This argument is a non sequitur. The ATF revoked the license of Luna Tech and denied renewals because it concluded that Luna Tech had committed multiple violations and was not likely to comply with the law or regulations. That finding is not inconsistent with the grant of a stay pending a final determination.

Second, Luna Tech erroneously argues that the ATF abused its discretion when it refused to allow Luna Tech to demonstrate compliance with the regulations. Under section 558(c) of the Administrative Procedure Act, a party is not entitled to an opportunity to achieve compliance with all lawful requirements if the party is guilty of a willful violation. 5 U.S.C. § 558(c). Because Luna Tech was found to have violated multiple requirements willfully, the ATF was not required to permit Luna Tech an opportunity to demonstrate compliance and did not abuse its discretion.

4

Third, Luna Tech argues that the ALJ erred by admitting evidence that fell outside the statute of limitation. This argument fails. Statutes of limitation bar claims for relief, not the admission of relevant evidence.

Finally, Luna Tech argues that the evidence was insufficient to support a finding that its violations were willful. A willful violation is "an intentional disregard of, or plain indifference" to the statutory requirements. J.A.M. Builders, Inc. v. Herman, 233 F.3d 1350, 1355 (11th Cir. 2000). Willfulness can be established by repeated violations with knowledge of the regulations. See Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 415 F.3d 1274, 1277 (11th Cir. 2005).

The finding of willfulness is supported by substantial evidence. With regard to count one, which involved the failure of Luna Tech to report the existence of a lab magazine, the ATF presented evidence that the location of the magazine was hidden from view, documents of Luna Tech did not disclose the addition of the magazine, multiple inspectors asked to see all explosive magazine storage but were not shown the laboratory magazine, and Luna Tech knew that it was required to report the magazine to the ATF.

With regard to counts two through six, which involved the location of the lab magazine, the storage of explosive materials and black powder in the lab magazine, and the failure of Luna Tech to maintain records of the transactions in

5

the lab magazine, the evidence established that Luna Tech was aware of the regulations regarding construction and storage of explosives in magazine facilities; Luna Tech knowingly stored black powder and explosives in the magazine without notifying the ATF as required; and Luna Tech failed to keep transaction records on the magazine in question, but kept records about its other magazines used for long-term overnight storage of explosive materials.

## IV. CONCLUSION

The petition for review is

**DENIED.**