# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3831

_____

| | | |
|---|---|---|
| Richard S. Belde, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Ferguson Enterprises, Inc., | * | District Court for the |
| | * | District of Minnesota. |
| Defendant - Appellee. | * | |
| | * | |
| Minnesota Transport Services | * | |
| Association, | * | |
| | * | |
| Amicus on Behalf of Appellee. | * | |

_____

Submitted: April 19, 2006
Filed: August 18, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

The Federal Omnibus Transportation Employee Testing Act of 1991 ("FOTETA"), Pub. L. No. 102-143, tit. V, 105 Stat. 917, directed the Secretary of Transportation to promulgate regulations requiring random drug and alcohol testing of commercial vehicle drivers. See 49 U.S.C. § 31306(b)(1)(A); 49 C.F.R. § 382.305(a). Ferguson Enterprises, Inc., terminated Richard Belde in April 2004

when he refused to submit to a federally mandated random drug test for commercial vehicle drivers. Belde filed this suit in state court. Ferguson removed the case to federal court. Belde now appeals the district court's[1] grant of summary judgment in favor of Ferguson. Belde argues that FOTETA mandated his removal from the safety-sensitive driver position, but not his termination, and therefore termination violated his rights under the Minnesota Drug and Alcohol Testing in the Workplace Act ("DATWA"), Minn. Stat. §§ 181.950 *et seq.* Reviewing the grant of summary judgment *de novo*, we affirm. See Mercer v. City of Cedar Rapids, 308 F.3d 840, 843 (8th Cir. 2002) (standard of review).

Ferguson's predecessor hired Belde in 1990 as a full-time commercial driver. In June 2001, Ferguson transferred Belde to the night shift at a Minnesota warehouse where his primary responsibilities were operating forklifts and cranes to load and unload delivery trucks. Belde continued to be a "back-up" driver, and he maintained his commercial driver's license and his driver eligibility under federal law. See 49 C.F.R. Parts 383, 391. His back-up driver assignments diminished in late 2003, but he drove for three days during the Christmas 2003 season.

In April 2004, Ferguson's headquarters notified the Minnesota warehouse that Belde and a full-time driver were randomly selected for mandatory federal testing. Belde refused to be tested because "I had a day of vacation, and I was out partying." After consulting counsel, Ferguson's manager informed Belde that his refusal would be treated as a positive test result mandating his suspension under federal law. See 49 C.F.R. §§ 382.211, 382.501. Belde nonetheless refused to be tested. Ferguson suspended and then terminated him. This lawsuit followed.

---

[1]The Honorable ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

In the district court, Belde argued that he was a full-time warehouse clerk in April 2004 and therefore not subject to mandatory random testing under FOTETA. He further argued that Ferguson's testing procedures, though consistent with federal law, violated DATWA provisions that are not preempted by FOTETA's express preemption provisions. See 49 U.S.C. § 31306(g); 49 C.F.R. § 382.109(a). Therefore, Belde concluded, he is entitled to damages for Ferguson's violations of DATWA. The district court rejected these contentions, concluding that Belde was a "casual, intermittent or occasional" driver subject to mandatory testing as a matter of federal law under 49 C.F.R. § 382.107, and that the inconsistent DATWA testing requirements are expressly preempted because they would otherwise be an "obstacle" to accomplishing the federal safety-testing regime. 49 C.F.R. § 382.109(a)(2).

Belde's limited contention on appeal does not require us to revisit the issues decided by the district court. He now concedes that he was an occasional driver subject to mandatory random testing under FOTETA and that Ferguson complied with federal law in treating his refusal to be tested as a positive test result requiring his immediate suspension from all safety-sensitive positions. Belde now argues that he is entitled to relief under DATWA because (1) FOTETA required Ferguson to remove him from the safety-sensitive driver position but not from his full-time warehouse clerk position; (2) DATWA prohibited Ferguson from *terminating* Belde "on the basis of a positive test result from an initial screening test," Minn. Stat. § 181.953, subd. 10(a); and (3) this prohibition is not an obstacle to the federal testing regime and therefore is not preempted.

We are inclined to agree that FOTETA did not *require* that Ferguson fire Belde rather than reassign him to a *non*-safety-sensitive position. But in any event, Belde's wrongful termination claim was properly dismissed because two provisions of the Minnesota statutes regulating interstate, intrastate, and private motor carriers provide that an employer who is required to comply with the mandatory federal testing requirements of 49 C.F.R. Part 382, and who does comply, "is exempt" from

DATWA. Minn. Stat. §§ 221.031, subd. 10; 221.605, subd. 1(b). As it is undisputed that Ferguson terminated Belde for refusing to take a test mandated by these federal regulations, Minnesota law expressly exempts that action from a DATWA claim.

In the alternative, even assuming that DATWA applied to the termination, the statute prohibits termination on the basis of an initial "positive test result," which DATWA defines as a finding of the presence of an excessive level of drugs or alcohol "in the sample tested." Minn. Stat. § 181.950, subd. 10. The Minnesota Court of Appeals has twice held that DATWA "does not bar the discharge of an employee for reasons independent of the test result." Matter of Copeland, 455 N.W.2d 503, 506 (Minn. App. 1990); accord City of Minneapolis v. Johnson, 450 N.W.2d 156, 160 (Minn. App. 1990). Ferguson terminated Belde for refusing to submit to a test mandated by federal law. Termination on this ground is not prohibited by DATWA.

For these reasons, we need not decide whether FOTETA would preempt a Minnesota statute requiring that an employer transfer an employee who violates the mandatory federal drug and alcohol testing regulations to a non-safety-sensitive position, rather than terminating the employee. The Minnesota Legislature has not made that policy decision.

The judgment of the district court is affirmed.

_____