# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1551

_____

| | | |
|---|---|---|
| On Target Sporting Goods, Inc., doing business as On Target, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Attorney General of the United States, United States Department of Justice; Carl J. Truscott, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives; James G. Martin, Acting United States Attorney, Eastern District of Missouri, Eastern Division; Bureau of Alcohol, Tobacco & Firearms, | * * * * * * * * * | |
| Appellees. | * | |

_____

Submitted: October 18, 2006
Filed: January 4, 2007

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) refused to renew On Target Sporting Goods, Inc.'s ("On Target") federal firearms license after an inspection revealed multiple violations of the firearm disposition regulations. An

ATF hearing officer upheld the agency's determination, and On Target sought judicial review. The district court[1] granted the government's motion for summary judgment, concluding as a matter of law that On Target willfully failed to follow the regulations. We affirm.

I. *Background*

Paul Haley, On Target's owner, was aware of his general record-keeping and firearm-tracing responsibilities. Haley had previously owned another business that had been licensed to sell firearms and completed the ATF inspection process with that business in 1993. Also, in 1996, Haley was interviewed by an ATF inspector during a four-hour inspection of On Target. During the inspection, the inspector discussed firearm laws and regulations with Haley, and Haley signed a form[2] entitled "Review of Federal Firearm Regulations."

On April 9, 2002, ATF again inspected On Target's premises and records but was unable to complete the inspection because On Target had failed to keep its firearm records current from November 2001 through April 2002. The inspector returned to On Target on April 16, 2002, June 11, 2002, the week of June 24, 2002, and in January 2003, to complete the inspection. The inspector noted that On Target could not account for 51 firearms listed in the company's inventory.

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

[2]The form contained a heading entitled "Required Records" which included the following subheadings: "Retention of Records"; "ATF Form 4473, Firearms Transaction Record"; "Bound Book Record (27 CFR 178.125(e))"; and "Report of Multiple Handgun Sales (27 CFR 178.126(a))." The bottom of the form read: "On this date, 8/6/96, the above listed information was explained to me by ATF Inspector Bruce Absheer. I have received a copy of this document for my records. [Signed] Paul E. Haley."

On September 16, 2003, ATF received an application for renewal of On Target's federal firearm license. ATF notified On Target that its application had been denied. On Target then requested an administrative hearing to contest the licensing decision.

At the hearing, Haley testified that he had located 5 of the 51 missing firearms since the inspection. However, he could not account for the remaining 46 firearms. During the hearing, Haley recalled speaking to ATF Inspector Absheer and acknowledged familiarity with ATF record-keeping requirements, including record timeliness. The hearing officer also noted that On Target sold firearms to unauthorized purchasers, including a convicted felon, an alien, someone who did not indicate whether or not he had previously been adjudged as mentally defective, and someone whose background check was not completed at the time of the transaction. Haley admitted that his business "got behind" in documenting transactions from approximately November 2001 through April 2002.

Following the administrative hearing, the ATF hearing officer upheld the denial. ATF then issued its final notice of denial. Among other things, the hearing officer's decision noted that ATF inspections revealed that On Target could not account for either the identity of the purchaser or the location of at least 46 firearms.

On Target sought judicial review from the district court. In response, ATF filed a motion for summary judgment, asserting, among other things, that On Target had no records identifying the purchasers of a large number of firearms. After On Target failed to respond to the government's summary judgment motion, the district court deemed all facts set forth in the government's statement of undisputed material facts admitted because they were not specifically controverted by On Target. The district court then granted ATF summary judgment, finding that On Target "willfully" failed to maintain the proper records under 18 U.S.C. § 923(g) and 27 C.F.R. §§ 478.124 and

478.125. On Target appeals the grant of summary judgment, arguing that the record was insufficient to establish On Target's noncompliance as a matter of law.

## II. *Discussion*

Congress has provided that the ATF shall approve a federal firearms dealer's license unless the applicant has "willfully violated" a statutory or regulatory requirement for continued licensing. 18 U.S.C. § 923(d)(1)(C). Federal regulations require firearms dealers, with limited exceptions not applicable here, to properly record and retain the transaction records for the acquisition and disposal of every firearm. 27 C.F.R. § 478.124. The purchase or other acquisition of every firearm must be recorded "not later than the close of the next business day following the date of such purchase or acquisition." 27 C.F.R. § 478.125(e). The disposition or sale of firearms must be recorded "not later than 7 days following the date of such transaction." *Id.*

It is undisputed that On Target violated these firearm record-keeping regulations; the issue on appeal is whether the violations were willful. For the government to prove a willful violation of the federal firearms statutes, it need only establish that a licensee knew of its legal obligation and "purposefully disregarded or was plainly indifferent to the recordkeeping requirements." *Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir. 1979). The government is not required to show that the violations occurred with any bad purpose. *Id.*

After a de novo review of the record, *Belde v. Ferguson Enterprises, Inc.*, 460 F.3d 976, 977 (8th Cir. 2006) (standard of review), we agree with the district court that no genuine issue of material fact exists and that summary judgment was appropriate. *See* Fed. R. Civ. P. 56. The administrative hearing disclosed a large number of violations ranging from On Target's failure to keep proper records on the acquisition and disposition of firearms to sales of a firearm to someone who had indicated on their firearm purchase application that he was a convicted felon. Haley,

On Target's owner, confirmed under oath that ATF inspectors had informed him of his general record-keeping and firearm tracing duties. Haley also admitted that he had fallen behind in his record-keeping responsibilities and had not met the firearms recording requirements.

Given the uncontroverted evidence demonstrating On Target's awareness of the legal record-keeping requirements and its repeated failure to follow them, we conclude that the record evidence sufficiently established that On Target was plainly indifferent to the requirements of the law. *See Lewin*, 590 F.2d at 269. Based on our reading of the record, there was substantial evidence to justify the determination that On Target's violations were willful. ATF was therefore justified in its refusal to renew On Target's license. *See id.*

## III. *Conclusion*

Accordingly, the judgment of the district court is affirmed.

_____