# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 28, 2010

Charles R. Fulbruge III
Clerk

No. 09-40057
Summary Calendar

ATHENS PAWN SHOP INC

Plaintiff-Appellant

v.

MEGAN A BENNETT, Director of Industry Operations Dallas Field Division, Bureau of Alcohol Tobacco Firearms and Explosives; ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-114

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:*

Athens Pawn Shop, Inc. sought judicial review of a determination by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) revoking its firearms dealer license for willfully violating statutory and regulatory provisions controlling record keeping for licensed gun dealers. The district court granted summary judgment to the ATF, and Athens Pawn Shop appeals. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40057

The Attorney General may revoke a firearms dealer license if the licensee "willfully" violates a rule or regulation applicable to firearms dealers. 18 U.S.C. § 923(e). Athens Pawn Shop was found to have violated the record-keeping requirements for the acquisition and disposition record of its firearms inventory. *See* 27 C.F.R. § 478.125(e). Athens Pawn Shop does not dispute the violations but argues that revocation of its license was not warranted because the violations were not willful and were due to inadvertent and technical record-keeping mistakes. The only issue on appeal is whether the district court correctly found no disputed issue of fact as to the willfulness of the violations.

To prove that a firearms dealer "willfully" violated the law, ATF must show that the dealer either intentionally and knowingly violated its obligations or was recklessly or plainly indifferent despite the dealer's awareness of the law's requirements. *See Armalite, Inc. v. Lambert*, 544 F.3d 644, 648 (6th Cir. 2008); *see also RSM, Inc. v. Herbert*, 466 F.3d 316, 321–22 (4th Cir. 2006); *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 497 (7th Cir. 2006); *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 415 F.3d 1274, 1277 (11th Cir. 2005); *Perri v. Bureau of Alcohol, Tobacco, and Firearms*, 637 F.2d 1332, 1336 (9th Cir. 1981). Here, the evidence showed that Athens Pawn Shop had been cited on at least three prior occasions for the same or similar violations of the requirements for maintaining accurate acquisition and disposition records. It was also specifically warned that its license was contingent on compliance with federal regulations and that future violations would be considered willful and could jeopardize its license. It is indisputable that Athens Pawn Shop was aware of its legal obligations but committed numerous subsequent infractions. Repeated violation of known legal requirements is sufficient to establish willfulness. *See Willingham Sports*, 415 F.3d at 1277; *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 468 (7th Cir. 1980) (citing

2

No. 09-40057

*Lewin v. Blumenthal*, 590 F.2d 268 (8th Cir. 1979)).  The district court here correctly granted summary judgment to the ATF.

AFFIRMED.